Filed 6/22/22  P. v. Brown CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LATION BROWN,<br><br>    Defendant and Appellant. | 2d Crim. No. B317044<br>(Super. Ct. No. 21PT-00562)<br>(San Luis Obispo County) |

Lation Brown appeals an order of the superior court committing him for treatment as a mentally disordered offender (MDO).  (Pen. Code, § 2960.)  He waived his right to a jury trial.  At trial medical experts and Brown testified.  The court found Brown met the statutory requirements for an MDO commitment.

We appointed counsel for Brown on this appeal.  After reviewing the record, Brown's counsel filed a brief under *People v. Taylor* (2008) 160 Cal.App.4th 304, and stated he was unable to raise any arguable issues for this appeal.  Brown was notified of his right to file his own brief.

In his brief, Brown makes a number of claims that are not part of the record and he states facts without citing to the record. We cannot consider these claims because review must be confined to the record on appeal.

It appears Brown attempts to challenge the evidence in support of the trial court's findings. He testified his mental illness did not cause him to commit arson. But the trial court did not find Brown's testimony to be credible. We do not weigh the evidence or decide the credibility of the witnesses. Those are matters exclusively decided by the trial court. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.) In deciding the sufficiency of the evidence, we must draw all reasonable inferences in support of the court's order and findings. (*Ibid*.)

Dr. Grant Stoll, a psychologist, testified Brown suffers from a severe mental disorder that "was a cause or an aggravating factor in all of his offenses for which he was incarcerated."

Dr. Kevin Perry testified Brown's "severe mental health disorder was at least an aggravating factor in each of those offenses." The disorder was not in remission and cannot be kept in remission without treatment. Brown posed a substantial danger of physical harm to others. The evidence is sufficient to support the trial court's findings.

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

TANGEMAN, J.

Timothy S. Covello, Judge

Superior Court County of San Luis Obispo

———————————————

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.